UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RICHARD B. JONES | CIVIL ACTION |
| VERSUS | NO. 19-12028 |
| JAMES LEBLANC ET AL. | SECTION "H"(2) |

### REPORT AND RECOMMENDATION

Plaintiff, Richard B. Jones, is a prisoner currently incarcerated in the B.B. "Sixty" Rayburn Correctional Center ("Rayburn") in Angie, Louisiana. He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 ("Section 1983") against defendants James LeBlanc, Robert C. Tanner, Karla Hillman and Brittany Morgan.

Plaintiff states that he is a convicted sex offender based on a 1989 sexual battery conviction, but presently is serving a five-year prison sentence for a separate and unrelated conviction for an attempted violation of La. Rev. Stat. 14:65.1 (felon in possession of a firearm) in the 21st Judicial District Court for the Parish of Tangipahoa. Record Doc. Nos. 1 at p. 4; 1-1 at p. 2; 6 at pp. 1–2, 4; 6-1 at p. 1. Plaintiff's complaint and attached exhibits indicate that he opted to receive diminution of sentence for good behavior ("good time") in lieu of incentive wages for his felon in possession of a firearm conviction in accordance with La. R.S. 15:571.3.[1] Record Doc. No. 1 at pp. 7–8; 1-1 at p. 3. Plaintiff's submissions further allege that he was eligible for good time parole supervision release on July 7, 2018, Record Doc. No. 1-1 at pp. 3, 19, with a full-term release date on October 8, 2021. Record Doc. No.

---

[1] Every prisoner in a parish prison convicted of an offense and sentenced to imprisonment without hard labor, except a prisoner convicted a second time of a crime of violence as defined by R.S. 14:2(B), may earn a diminution of sentence, to be known as "good time", by good behavior and performance of work or self-improvement activities, or both. La. R.S. 15:571.3(A)(1).

1-1 at p. 19. Plaintiff states that defendants informed him that unless he submits an acceptable address and receives approval for a residence plan for his post-incarceration housing, he will remain in prison until his full-term release date. Record Doc. No. 6 at p. 2.

Louisiana law requires all sex offenders to have an approved residence plan before they may be released on parole for good time behavior:

> In cases where parole is permitted by law and the offender is otherwise eligible, the committee on parole **shall not grant parole to any sex offender** either by an order of the committee on parole or office of adult services **pursuant to R.S. 15:571.3 until the Department of Public Safety and Corrections, division of probation and parole, has assessed and approved the suitability of the residence plan of such offender.** In approving the residence plan of the offender, the department shall consider the likelihood that the offender will be able to comply with all of the conditions of his parole.

La. R.S. 15:574.4.3 (emphasis added). Plaintiff proposed several residence plans between June 2018 and August 2019, all of which were assessed and rejected by appropriate Probation and Parole department officials. Record Doc. No. 1-1 at pp. 3–18; 6-1 at pp. 2–14. Plaintiff consistently was advised by prison officials to continue sending new proposed residence addresses and that officials would continue to assist him with locating a new residence. Id.

Plaintiff complains that he is being unconstitutionally confined in Rayburn beyond his good time release date by defendants, who have "without authority imposed a special condition of release on Plaintiff." Record Doc. Nos. 1 at p. 4; 6 at p. 2. He alleges that the five-year sentence imposed by the state court judge for his felon in possession of a firearm conviction was the result of a plea agreement that did not condition plaintiff's release from

2

prison on submitting and receiving approval for a residence plan. Id. He further states that the state trial court never informed him of any legislation requiring that he submit and receive approval for a residence plan before his good time release from prison. Record Doc. No. 16 at p. 2. Plaintiff states that by conditioning his good time release on the submission and approval of a residence plan, defendants have usurped the decision-making authority reserved exclusively for the trial judge. Record Doc. No. 6 at p. 2. Thus, plaintiff argues, "the validity of the plea agreement should be called into question." Id. at p. 3. Plaintiff seeks an injunction from this court ordering his immediate release from prison. Record Doc. No. 1 at p. 4.

Defendants filed a Motion to Dismiss for Failure to State a Claim, Record Doc. No. 14, noticed for submission on January 15, 2020, which was automatically referred to me for a report and recommendation. Local Rule 73.2(A). Plaintiff filed an opposition memorandum. Record Doc. No. 16.

I. STANDARDS OF REVIEW

Under Rule 12(b)(6), as clarified by the Supreme Court,

> "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."

3

Harold H. Huggins Realty, Inc. v. FNC, Inc., 634 F.3d 787, 796 (5th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007))).

"The Supreme Court's decisions in Iqbal and Twombly . . . did not alter the long-standing requirement that when evaluating a motion to dismiss under Rule 12(b)(6), a court must accept[ ] all well-pleaded facts as true and view[ ] those facts in the light most favorable to the plaintiff." Id. at 803 n.44 (quotation omitted); accord Murchison Capital Partners, L.P. v. Nuance Commc'ns, Inc., 625 F. App'x 617, 618 n.1 (5th Cir. 2015) (citing Wood v. Moss, 134 S. Ct. 2056, 2065 n.5 (2014)).

"With respect to any well-pleaded allegations 'a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" Jabary v. City of Allen, 547 F. App'x 600, 604 (5th Cir. 2013) (quoting Iqbal, 556 U.S. at 664). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Maloney Gaming Mgmt., L.L.C. v. St. Tammany Parish, 456 F. App'x 336, 340 (5th Cir. 2011) (quotations omitted) (citing Iqbal, 556 U.S. at 696; Elsensohn v. St. Tammany Parish Sheriff's Ofc., 530 F.3d 368, 371 (5th Cir. 2008); In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 n.10 (5th Cir. 2007)).

In this case, **IT IS RECOMMENDED** that defendants' motion to dismiss be **GRANTED** and that plaintiff's Section 1983 claims against all defendants be dismissed for the following reasons.

II.   ANALYSIS

To the extent plaintiff requests a court order releasing him from prison, this form of relief cannot be granted in a federal civil rights action brought pursuant to Section 1983. Jackson v. Devalier-Flimyn, 2019 WL 6733115, at *2 (E.D. La. Oct. 3, 2019), report and recommendation adopted, 2019 WL 6728341 (E.D. La. Dec. 11, 2019). "'[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.'" Davis v. Whyce, 763 F. App'x 348, 349 (5th Cir. 2019) (quoting Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). An individual confined pursuant to a state court judgment must first exhaust his remedies in the state courts before seeking habeas corpus relief in the federal courts. 28 U.S.C. § 2254(b)(1).

Moreover, in Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that a civil action for alleged civil rights violations that attacks the validity of state confinement, which has not been reversed, expunged, invalidated or called into question by a federal court's issuance of a writ of habeas corpus, is not cognizable under Section 1983.

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a §

> 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486–87 (footnote omitted). Although the Supreme Court's decision in Heck concerned a civil action for monetary damages, the Fifth Circuit has also applied Heck in cases in which the plaintiff seeks injunctive relief, Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998) (citing Edwards v. Balisok, 520 U.S. 641, 645–46 (1997)), and alleges loss of good time credit. Toppins v. Day, 73 F. App'x 84, 2003 WL 21757342, at *5 (5th Cir. June 26, 2003) (citing Edwards, 520 U.S. at 648); accord McKay v. LeBlanc, 2011 WL 864861, at *2 (W.D. La. Jan. 21, 2011) and cases cited therein.

In the instant case, Jones's claim for immediate release from prison based on incarceration past his good time release date necessarily implies the invalidity of the length of his confinement. In addition, Jones's claim that his plea agreement was entered into unknowingly or involuntarily based on his lack of knowledge of the statutory requirement that good time-eligible sex offenders submit and receive approval for a post-incarceration residence plan before their release necessarily implies the invalidity of his conviction.

As an initial matter, there is nothing invalid as a matter of state law about defendants' decision not to release plaintiff on good time credits without an approved post-release residence plan. In response to his complaints about his release date, prison officials have based their decision on and specifically advised plaintiff about the state law requirement for "an approved residence plan" for sex offenders. Record Doc. No. 6-1 at p. 3. Plaintiff is

6

admittedly a previously adjudicated sex offender. The Louisiana statute quoted above clearly prohibits good time release under the circumstances alleged by Jones. La. Rev. Stat. § 574.4.3E(1). Without an approved residence plan, Jones cannot state a claim for which relief can be granted that he is being held beyond his legitimate release date.

As to plaintiff's claimed violation of his federal constitutional rights, it is clear that he cannot at this time successfully state a Section 1983 claim. Liberty interests that may be vindicated by Section 1983 actions are created either by the Constitution itself or by state law. The Constitution itself says nothing about early good time release. In addition, not every state law creates a liberty interest protected by the Constitution and cognizable under Section 1983. On the contrary, a state law creates constitutionally protected interests only if it establishes that state officials must take mandatory, non-discretionary actions in connection with the life, liberty or property of citizens. Olim v. Wakinekona, 461 U.S. 238, 249 (1983); Jackson v. Cain, 864 F.2d 1235, 1250 (5th Cir. 1989). Thus, state statutes that vest officials with broad discretion to carry out their official functions do not create constitutionally protected interests that may form the basis for an action under Section 1983. See Olim, 461 U.S. at 249–50 (Hawaii prison regulations vesting prison administrators with broad discretion concerning inmate placement and transfers create no liberty interest protected under the Due Process Clause); Merit v. Lynn, 848 F. Supp. 1266, 1267–68 (W.D. La. 1994) (Louisiana parole statute is broadly discretionary and creates no constitutionally protected liberty interest).

The State of Louisiana by its broadly discretionary statute, La. Rev. Stat. § 574.4.3E(1), has <u>not</u> created a protected liberty interest in being allowed unconditional early good time release from prison. The state statute quoted above clearly indicates that Jones has <u>no</u> state law created liberty interest in his good time release without an approved post-release residence plan. Thus, on its face, the complaint fails to state a claim of violation of plaintiff's federal constitutional rights. In addition, there is no indication in any of plaintiff's written submissions that plaintiff exhausted his state court remedies or that his conviction or the length of his imprisonment has been set aside in any of the ways described in <u>Heck</u>. If plaintiff seeks release from prison based on alleged infirmities in his underlying state criminal proceedings, he must file a habeas corpus petition, but <u>only after</u> exhausting all available state court remedies. Any claim for relief that plaintiff asserts under Section 1983 challenging the validity of his plea agreement, conviction and/or the length of his confinement is premature and must be dismissed under <u>Heck</u>. <u>Whitehurst v. Jones</u>, 278 F. App'x 362, 363 (5th Cir. 2008) (citing <u>Stephenson v. Reno</u>, 28 F.3d 26, 27–28 (5th Cir. 1994). As the Fifth Circuit has noted, the dismissal of plaintiff's Section 1983 claims is with prejudice to their being asserted again until the <u>Heck</u> conditions are met. <u>Johnson v. McElveen</u>, 101 F.3d 423, 424 (5th Cir. 1996)).

## **RECOMMENDATION**

For the foregoing reasons, **IT IS RECOMMENDED** that defendants' Motion to Dismiss for Failure to State a Claim be **GRANTED** and that plaintiff's claims against defendants pursuant to 42 U.S.C. § 1983 be **DISMISSED.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[2]

New Orleans, Louisiana, this __28th__ day of February, 2020.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2] Douglass referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.